THOMAS L. DAVENPORT,

       Plaintiff,

     v.

TOYOTA MOTOR SALES, USA, INC.;
TOYOTA LOGISTICS SERVICES, INC.;
COTTRELL, INC.; CASSENS
CORPORATION; LISA SHASHEK;
UNKNOWN RIG DISTRIBUTORS/
MANUFACTURERS; CASSENS
TRANSPORT COMPANY; JEFF CASSENS;
ALLEN CASSENS; A.C. LEASING, INC.;
KSC LEASING; J.C. LEASING; F.T.L.
LEASING; and ALBERT CASSENS TRUST,

       Defendants.

Case No. 11-cv-1108-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Cottrell, Inc.'s Motion to Designate Additional Documents for Record on Appeal (Doc. 25). Cottrell proposes adding documents that were not before the Court and were therefore not considered when the Court issued its decision remanding this case to state court for lack of jurisdiction.

Generally, modification of a record on appeal is not permitted. "The appellate stage of the litigation process is not the place to introduce new evidentiary materials." *Berwick Grain Co. v. Illinois Dep't of Ag.*, 116 F.3d 231, 234 (7th Cir. 1997); *accord McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997) ("Evidence that was not proffered to the district court in accordance with its local rules is not part of the appellate record; it has no place in an appellate brief."). The record on appeal in all cases consists solely of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified

copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). The Seventh Circuit Court of Appeals has explained why a party may not supplement the record on appeal with evidence that the district court did not consider: "The parties may rely on appeal only on materials furnished to the district judge. Otherwise they deprive the opposing party of an opportunity to comment on them and the district judge of an opportunity to evaluate their significance." *Henn v. National Geographic Society*, 819 F.2d 824, 831 (7th Cir. 1987).

Despite this general rule, modification of the record on appeal is authorized in the limited circumstances set forth in Federal Rule of Appellate Procedure 10(e). The rule allows the Court to modify the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). However, where the record accurately reflects district court proceedings, Rule 10(e) is not applicable. The Court finds that nothing material is omitted from or misstated in the record of this case. The record accurately reflects the district court proceedings and contains all the material relied on by the Court in making its ruling. Accordingly, supplementation of the record under Rule 10(e) is inappropriate. Cottrell may, of course, ask the Court of Appeals to reconsider this conclusion. *See* Fed. R. App. P. 10(e)(2)(C).

For this reason, the Court **DENIES** the Motion to Designate Additional Documents for Record on Appeal (Doc. 25).

**IT IS SO ORDERED.**
**DATED: March 20, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**